Dear Mr. Toadvin:
We are in receipt of your request for an Attorney General's opinion regarding Clerks of Court. Specifically, you have requested an opinion on the following questions:
 1. If a Clerk of Court reports a salary to the Clerks' of Court Retirement and Relief Fund that exceeds the salary established by law (using "the latest United States census"), does the Board of Trustees of the Fund have the authority to refuse to recognize any salary reported by the Clerk that is more than the amount established by the statutes that govern the compensation for the various Clerks of Court? If your response to this question in in the affirmative, may the Board recompute and adjust retirement benefits, including deferred retirement option benefits accumulated but not yet paid, to reflect only the salary authorized by law and recover any overpayments?
 2. If a Clerk of Court reports a salary to the Clerks' of Court Retirement and Relief Fund that is less than the salary established by law, and the Clerk later reports a salary that equals or exceeds the salary established by law, does the Board of Trustees of the Fund have the authority to recover employee and employer contributions that would have been paid on the difference between the actual and the allowed salary while less than the allowed salary was reported?
 3. If a United States census is issued during a term of office of a Clerk of Court and that census shows that the population of the parish has increased or decreased so that the Clerk's salary would increase or decrease according to the table contained in LSA-R.S. 13:782, when would the increase or decrease in salary become effective?
RESPONSE TO QUESTION NO. 1
It is the opinion of this office that a clerk of court mayonly report the salary established by law and the Boardof Trustees of the Clerks' of Court Retirement andRelief Fund may only recognize the salary for clerks ofcourt as established by law. LSA-R.S. 13:782 provides acompensation schedule for clerks of court based onparish populations reported by census.
In response to the second part of your first question, it isour opinion that if a clerk of court reports a salarygreater than the salary established by law to which hewas not entitled to, then it would be necessary for theboard to recompute and adjust the clerk's retirementbenefits. Such benefits are computed on salary, and if thesalary is incorrect, then the benefits will beincorrect unless the board makes the properadjustments.
RESPONSE TO QUESTION NO. 2
It is the opinion of this office that the Board of Trustees has the authority to recover employee and employer contributions that were not paid on a clerk's salary due to the reporting of a clerk's salary that was less than that established by law. LSA-R.S. 13:782 (A) provides that clerks "shall receive an annual compensation for their services" in accordance with a fixed schedule.
LSA-R.S. 11:1503(8) defines salary for retirement benefits as the "full rate of regular compensation paid to a member for the performance of his official duties . . .".
Retirement benefits are based on the salary schedule established by law, and on an equitable basis, if a clerk of court is to receive benefits based on the salary schedule established by law, then the employee and employer contributions should be paid on the salary schedule established by law.
RESPONSE TO QUESTION NO. 3
It has been and remains the opinion of this office that the release of the United States Census during the term of office of a clerk of court cannot have the effect of removing a clerk into a lower population category in the salary schedule established by law. (LSA-R.S. 13:782(G); Atty.Gen.Op. 81-169) With regard to an increase in salary, such would be available upon the issuance of the census during the term of office of a clerk.
We hope that this opinion addresses all of your questions. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL:pb/0279s